UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN DAVID CLAYTON,

          Petitioner,

v.                                  CASE NO. 05-71943
                                  HONORABLE ARTHUR J. TARNOW

KENNETH McKEE,

          Respondent.
_____/

## ORDER DENYING PETITIONER'S
## (1) MOTION FOR AN EVALUATION AND TREATMENT,
## (2) MOTION FOR A NEW TRIAL AND CHANGE OF VENUE,
## (3) MOTION TO VACATE THE SENTENCE, and
## (4) REQUEST FOR EMERGENCY RELIEF

### I.  Introduction

Petitioner Franklin David Clayton has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's state conviction and sentence of four to fifteen years for sexually penetrating a person without informing the person that he is HIV positive.  *See* Mich. Comp. Laws § 333.5210.  Respondent Kenneth McKee moved to dismiss the habeas petition on the ground that Petitioner did not exhaust state remedies for most of, if not all, his claims.  The Court  denied Respondent's motion without prejudice and appointed counsel for Petitioner.  The Court ordered counsel for Petitioner to file an amended habeas corpus petition within forty-five days of the date of the order of appointment.  Instead of filing an amended habeas petition, counsel for Petitioner recently filed an *ex parte* motion to have Petitioner's physical and mental condition evaluated.  Also pending before the Court are the following *pro se* documents filed by Petitioner:  a motion for a new trial and for change of venue; a motion to vacate sentence and for an order to show cause; and a request for emergency

relief.

Petitioner alleges through counsel that he has a mild neuro-cognitive disorder. He claims that, while incarcerated, he developed clostridium difficile colitis and skin lesions, which have not healed and are painful and itchy. He contends that he has not received adequate medical attention for his condition, despite numerous requests for help, and that his confinement in an isolation unit has exacerbated his mental and physical condition.

Petitioner seeks an order directing the Michigan Department of Corrections to provide him with a diagnosis and to treat his medical and mental health conditions. In the alternative, Petitioner seeks placement at a federal facility and an evaluation and treatment at the expense of the federal Government.

## II.  Discussion

The Eighth Amendment to the United States Constitution imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, a civil rights complaint generally is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Although habeas corpus also may be available to challenge such prison conditions, *id*., "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo*, __ U.S. __, __, 126 S. Ct. 2378, 2383 (2006). Exhibits to Petitioner's motion indicate that he filed requests for medical treatment. He has not alleged or demonstrated that he pursued administrative remedies with the Department of Corrections, using the Department's grievance procedures.

Petitioner also has not made a satisfactory showing of a right to the requested relief. Pursuant to 18 U.S.C. § 3006A(e),

> [c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

The determination whether to grant or deny a motion for expert services under this statute is discretionary with the District Court. *Stubbs v. Gomez*, 189 F.3d 1099, 1107 (9th Cir. 1999). "It is not an abuse of discretion for a district court to deny funds under section 3006A when the habeas petitioner (1) fails to establish 'that reasonably competent retained counsel would have required the requested services for a habeas petitioner who could pay for them,' and (2) fails to demonstrate 'by clear and convincing evidence that the defense was prejudiced by the lack of [the requested services].'" *Id.* (quoting *Bonin v. Calderon*, 59 F.3d 815, 837 (9th Cir. 1995)).

Petitioner has failed to show how his current medical condition is related to his habeas claims. He alleges that presentation of medical evidence at his trial improperly contributed to his conviction. However, he did not raise that issue in his two appeals of right, where he challenged his sentence and argued that: (1) the prosecutor improperly discouraged a defense witness from testifying, (2) he was required to testify under the influence of prescription drugs, (3) he was denied an instruction on a lesser included offense, and (4) he was denied a fair trial due to the cumulative effective of errors. Petitioner is limited on habeas review to raising issues that were fairly presented at all levels of state court review. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Court concludes that expert services are not necessary

for adequate representation of Petitioner on habeas review.

The Court nevertheless will stay this habeas action pending exhaustion of the issues not previously raised in state court. After exhaustion petitioner may make a motion to reinstate the case.

Petitioner's motion for medical and mental health evaluations and for treatment [Doc. #69, Dec. 28, 2006] is DENIED.

Petitioner's pending *pro se* motions and requests, including the motion for new trial and change of venue [Doc. 64, Sept. 14, 2006], the motion to vacate the sentence and for an order to show cause [Doc. 67, Sept. 14, 2006], and the request for emergency relief [Doc. 66, Oct. 26, 2006], are DENIED without prejudice.

s/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Judge

Dated: January 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles  
Judicial Secretary